UNITED STATES DISTRICT COURT 14CV3007(RMB)
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KEVIN RIVERA and BERNARD BRUNO and ANGEL DAVILA

               Plaintiffs,

   - against -

THE CITY OF NEW YORK, DETECTIVE PAUL BELLO,
Shield 000318 of Bronx Narcotics, and POLICE OFFICERS
"JOHN DOE", "JAMES COE", "RICHARD ROE" and
"JEFFREY ROE" Badge numbers unknown,

               Defendants.
------------------------------------------------------------------X

**AMENDED COMPLAINT**
**TRIAL BY JURY DEMANDED**

## PRELIMINARY STATEMENT

The plaintiff brings this action against all defendants pursuant to 42 U.S.C. Section 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the United States against DETECTIVE PAUL BELLO, Shield 000318 of Bronx Narcotics, and POLICE OFFICERS "JOHN DOE", "JAMES COE", "RICHARD ROE" and "JEFFREY ROE" Badge numbers unknown, in their individual capacities and against THE CITY OF NEW YORK, to redress the deprivation under color of law of plaintiff's rights, privileges and immunities secured by the Constitution of the United States. Plaintiffs seeks money damages to redress and remedy the deprivations of their constitutional rights. Plaintiffs seek an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 and pursuant to any other laws that may apply.

It is alleged that the individual police officer defendants made an unreasonable search and seizure of the person of plaintiffs, violating their rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants falsely arrested and maliciously prosecuted the persons of plaintiffs, falsely imprisoned them, and It is further alleged that these violations and torts were committed as a result of the policies, practices and customs of THE CITY OF NEW YORK.

## JURISDICTION AND VENUE

1.    This action is brought pursuant to 42 U.S.C. Section 1983 and 1988 to

redress the plaintiff's rights under the Constitution of the United States. Jurisdiction is based upon 28 U.S.C. Sections 1331 and 1343.

2. All of the actions, omissions, and events complained of took place within the County of Bronx, City and State of New York, and within the venue of this court.

3. The amount in controversy exclusive of interests and costs exceeds the sum of $100,000.

## PARTIES

4. The plaintiffs are citizens of the United States.

5. Plaintiffs are residents of the County of Bronx, City and State of New York.

6. Defendant THE CITY OF NEW YORK (Hereinafter referred to as "THE CITY") is a body corporate and politic, duly organized and existing under and by virtue of the laws of the State of New York, and pursuant to law is capable of suing and being sued in this court.

7. At all times hereinafter mentioned the defendant THE NEW YORK CITY POLICE DEPARTMENT (Hereinafter referred to as "NYPD") was and still is a subdivision subject to the control of the THE CITY.

8. Upon information and belief, defendant NYPD is a division of THE CITY organized and existing under and by virtue of the laws of THE CITY and the State of New York.

9. Defendant THE CITY is responsible for the policies, practices and customs of NYPD.

10. Defendant THE CITY is responsible for the hiring training, supervision, retention, control and discipline of NYPD and its officers.

11. Defendant THE CITY is and was the employer of the personnel named herein as individual defendants.

12. Defendant THE CITY is also responsible for the operation, practices, and totality of conditions of the NYPD.

13. Defendant NYPD is responsible for the policies, practices and customs of

NYPD.

14. Defendant NYPD is responsible for the hiring training, supervision, retention, control and discipline of NYPD and their officers.

15. Defendant NYPD is and was the employer of the personnel named herein as individual defendants.

16. Defendant NYPD is also responsible for the operation, practices, and totality of conditions of the NYPD.

17. THE CITY acts, or fails to act through its policy-making officials including but not limited to its supervisor, town board, and the chief of the NYPD; the acts and edicts of these policy making officials represent also the policies, practices and customs of THE CITY.

18. THE CITY and NYPD have, jointly and severally, a constitutional and statutory responsibility for the conditions at the NYPD and are jointly and severally responsible for ensuring that the operations of said NYPD and the 52nd Precinct are in conformity with constitutional requisites.

19. THE CITY and NYPD are and were jointly and severally responsible for ensuring that the police officers of the NYPD and more specifically those officers named as defendants herein, obeyed the regulations of the NYPD, THE CITY, the ordinances and laws of THE CITY, and the laws and the Constitution of the State of New York and the United States.

20. Defendants, THE CITY OF NEW YORK, DETECTIVE PAUL BELLO, Shield 000318 of Bronx Narcotics, and POLICE OFFICERS "JOHN DOE", "JAMES COE", "RICHARD ROE" and "JEFFREY ROE" Badge numbers unknown, police officers of THE NEW YORK CITY POLICE DEPARTMENT, are and were police officers of the NYPD and employees of the NYPD and of THE CITY, and at all times herein were acting in such capacity as the agents, servants and employees of NYPD and THE CITY.

21. The defendant officers were at all times relevant to this complaint duly

appointed and acting officers of the NYPD and of THE CITY, acting under color of law; to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and THE CITY and NYPD.

22. At all times relevant hereto and in all of their actions described herein, each defendant was acting under color of law, state authority, statute, custom or usage, and pursuant to their official authority. All of the actions were done intentionally.

## FACTS

23. On 11/14/13, at about 6:00am, plaintiffs were lawfully present in the apartment of their friend Melody Castillo, located at 2860 Grand Concourse, Apartment 1D, Bronx, NY, County of Bronx, City and State of NY. While plaintiffs were lawfully present, asleep in the living room, the defendant police officers knocked down the front door and a volume of officers streamed into the apartment with guns drawn and began searching the home. Plaintiffs were strip searched at the location with no probable cause to suspect weapons or contraband on their persons, and kept rear-cuffed in excessively tight handcuffs for many hours.

24. Plaintiffs were lawfully present at the location when Defendants intentionally assaulted and battered the plaintiffs herein as specified above in the course of effectuating a false arrest without probable cause to believe the claimants herein had committed any crime or offense.

25. Plaintiffs were verbally abused and subjected to verbal intimidation by defendants.

26. Plaintiffs were in custody for three days and two nights.

27. Plaintiffs had not resisted or assaulted the defendants in any way, and such force as was used against them was unnecessary, unreasonable, and excessive.

28. At no time during the events described above were the plaintiffs intoxicated, incapacitated or disorderly, or a threat to the safety of themselves or others. They had committed no criminal offenses.

-4-

29. The defendants had no warrant for the arrest of the plaintiffs, no probable cause for the arrest of the plaintiffs, and no legal excuse or cause to enter the premises, perform an unconstitutional search and seize the person of the plaintiffs.

30. Defendants did not enter pursuant to a valid search warrant.

31. Defendants did not present a copy of a search warrant to plaintiffs.

32. If a warrant was in the officers possession, they did not enter at a manner or at a time authorized by the warrant.

33. Upon information and belief,. Plaintiffs were not listed as or described suspects or targets on any warrant or application for any warrant.

34. Defendants charged plaintiffs with a violation of penal law sections 265.02, 220.03, 265.01, 260.10, AC 10-131.1, though Defendants knew plaintiffs had not committed these offenses.

35. The officers had no probable cause to arrest the plaintiffs for these crimes, or any other.

36. At no time did the defendants possess information that would lead a reasonable police officer to believe that probable cause existed to arrest plaintiffs

37. As a result of the foregoing plaintiffs suffered mental anguish, shock, fright, apprehension, embarrassment, humiliation and deprivation of their constitutional rights.

38. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described, and lent their physical presence and support and the authority of their office to each other during said events.

39. All of the above acts were done both individually and in concert and intentionally and while acting under color of law, and in the scope of employment with THE CITY and the NYPD. It was a conspiracy to deprive the plaintiffs of their civil rights guaranteed under the Constitution of the State of New York and the United States and the laws of New York State and the laws of the United States.

40. THE CITY and the NYPD had a policy of not training their employees with respect to the proper use of force and allowing persons such as plaintiffs herein to be assaulted, battered and improperly searched and seized.

41. If THE CITY and NYPD had a policy of training their employees with respect to the proper use of force, same was not enforced.

42. On information and belief, the abuse to which the plaintiff was subjected was consistent with an institutionalized practice of THE CITY and the NYPD which was known to them and/or ratified by THE CITY and the NYPD, with the defendants at no time having taken any effective action to prevent their employees from continuing to engage in such misconduct and violation of constitutional rights and violations of law.

43. On information and belief, defendant THE CITY and the NYPD had prior notice of the vicious propensities of the individual defendants but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority or to terminate their employment. The failure to properly train defendants included the failure to instruct them in applicable sections of the New York State Penal Law, and proper use of force, and failed to properly train them with respect to the constitutional rights of citizens.

44. On information and belief THE CITY and the NYPD authorized, tolerated as institutional practices, and ratified the misconduct heretofore described.

45. As a direct and proximate result of the said acts of the defendants, and the abuse of authority detailed above, the plaintiffs suffered the following injuries and damages:

    a. Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure to their person:
    b. Loss of their physical liberty:
    c. Physical pain and suffering and emotional trauma and suffering, requiring expenditure of money for treatment.

46. The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiffs:

> a. Freedom from unreasonable search and seizure of his person.
> b. Freedom from the use of excessive, unreasonable and unjustified use of force against his person.

## COUNT I
## 42 U.S.C. SECTION 1983 AGAINST INDIVIDUAL DEFENDANTS

47. Paragraphs 1 through 46 are incorporated herein by reference as though fully set forth.

48. Plaintiffs claim damages for the injuries set forth above under 42 U.S.C. Section 1983 for false arrest, imprisonment and excessive force against defendants DETECTIVE PAUL BELLO, Shield 000318 of Bronx Narcotics, and POLICE OFFICERS "JOHN DOE", "JAMES COE", "RICHARD ROE" and "JEFFREY ROE" Badge numbers unknown, police officers of THE NEW YORK CITY POLICE DEPARTMENT for violation of their constitutional rights under color of law, in an amount to be determined by a jury after due trial.

## COUNT II
## 42 U.S.C. SECTION 1983 AGAINST THE CITY

49. Paragraphs 1-48 are incorporated herein by reference as though fully set forth.

50. Prior to November 14, 2013, THE CITY and the NYPD developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in THE CITY, which caused the violation of plaintiff's rights.

51. It was the policy and/or custom of THE CITY and the NYPD to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by THE CITY and the NYPD.

52. It was the custom and policy of THE CITY and the NYPD to inadequately supervise and train and retain and hire their police officers including the defendant officers, thereby failing adequately to discourage further constitutional violations on the part of their police officers. THE CITY and the NYPD did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

53. As a result of the above described policies and customs, police officers of THE CITY and the NYPD, including the defendant officers believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be sanctioned or investigated, but would be tolerated.

54. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of THE CITY and the NYPD to the constitutional rights of persons within THE CITY and were the cause of the violations of plaintiff's rights alleged herein.

55. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against THE CITY and the NYPD for violation of his constitutional rights under color of law, in an amount to be determined by a jury after due trial.

## COUNT III UNCONSTITUTIONAL FALSE ARREST AND IMPRISONMENT

56. The allegations of Paragraphs 1-55 are incorporated by reference herein as though fully set forth.

57. The individual defendants were working within the scope of their authority when they committed the actions described above generally and specifically those actions delineated in paragraphs 23-46 above, and thereby confined the plaintiffs without privilege.

58. The confinement aforesaid was without probable cause or privilege.

59. The individual defendants were careless and reckless and negligent in that

they did not stop or restrain their fellow officers from confining the plaintiff.

60. As a result of the aforesaid unconstitutional confinement, false arrest and imprisonment and malicious prosecution in violation of the 4th and 14th amendments to the US constitution and 42 USC section 1983, the plaintiffs sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount to be determined by a jury after due trial.

## COUNT IV. UNCONSTITUTIONAL MALICIOUS PROSECUTION

61. The allegations of paragraphs 1-60 are incorporated by reference herein as though fully set forth.

62. On November 14, 2013, defendants filed false and legally insufficient criminal complaints against the plaintiff herein.

63. At the time of said filing, the defendants knew that said complaints were false and legally insufficient. Said complaints were dismissed as such.

64. Defendants acted wilfully, maliciously, recklessly, wantonly, and with intent to injure the plaintiff herein.

65. As a result of the aforesaid malicious prosecution, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and sufferred extreme emotional distress, in an amount in excess of the jurisdictional limits of all lower courts.

Wherefore, the plaintiffs requests that this Court:

    a. Award compensatory damages to the plaintiffs against the defendants, jointly and severally in an amount to be determined by a jury after due trial. Not less than one million dollars ($1,000,000)
    b. Award the costs of this action to the plaintiff.
    c. Award reasonable attorneys fees to the plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws.
    d. Award punitive damages in an amount to be determined by a jury after due trial. Not

       less than one million dollars ($1,000,000)
       e. Award such other and further relief as this
       Court may deem appropriate.

Dated: Carmel, New York
June 9, 2014

                                          JOHN P. GRILL
                                          Grill9446
                                          For LAW OFFICES OF JOHN P. GRILL, PC
                                          229 Nimham Road
                                          Carmel, NY 10512
                                          (917) 601-5507